IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANIEL LEE MONK,

       **Petitioner,**

       **v.**

NORM ROBINSON, WARDEN,

       **Respondent.**

CASE NO. 2:12-CV-894
JUDGE MICHAEL H. WATSON
Magistrate Judge Kemp

## <u>REPORT AND RECOMMENDATOIN</u>

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. The issues have been presented to the Court by way of the petition and memorandum in support, Respondent's *Return of Writ,* and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

### I.   FACTS and PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Appellant was indicted on two counts of sexual battery and one count of contributing to the delinquency of a minor. On November 8, 2010, Appellant entered an initial plea of not guilty by reason of insanity. The trial court ordered a competency evaluation, and a hearing was scheduled for December 14, 2010. At Appellant's request, the hearing was then continued to January 3, 2011.
>
> On January 3, 2011, Appellant moved the trial court to continue the trial set for January 5, 2011. Appellant also filed

a motion to suppress on the same date. The trial court denied the motions.

On January 4, 2011, Appellant retained new counsel. On January 5, 2011, the date scheduled for trial, Appellant's new trial counsel moved the trial court to continue the jury trial. The trial court denied the motion. Appellant then entered a plea of no contest to the charges.

On February 16, 2011, the trial court sentenced Appellant to three years incarceration on each count of sexual battery to run consecutively with a six month term on the one count of contributing to the delinquency of a minor charge, for an aggregate prison term of six years.

Appellant now appeals, assigning as error:

"I. WHETHER OR NOT THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE APPELLANT'S MOTION TO SUPPRESS AS UNTIMELY.

"II. WHETHER OR NOT THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE APPELLANT'S MOTIONS FOR CONTINUANCE.

"III. WHETHER OR NOT PREVIOUS COUNSEL WAS INEFFECTIVE BY FAILING TO FILE A MOTION TO SUPPRESS.

"IV. WHETHER OR NOT THE TRIAL COURT'S IMPOSITION OF SENTENCE WAS CONTRARY TO LAW DUE TO THE LACK OF THE TRIAL COURT'S CONSIDERATION OF THE OVERRIDING PURPOSES AND FACTORS TO BE CONSIDERED IN FELONY SENTENCING."

*State v. Monk*, No. 11-CA-28, 2011 WL 5352379, at *1 (Ohio App. 5th Dist. Nov. 4, 2011).

On November 4, 2011, the appellate court affirmed Petitioner's convictions and

sentence. *Id.* Petitioner did not file a timely appeal to the Ohio Supreme Court. On

March 27, 2012, he filed a motion for delayed appeal.  *Exhibits 21, 22 to Return of Writ*. On May 9, 2012, the Ohio Supreme Court denied Petitioner's motion for delayed appeal. *State v. Monk*, 131 Ohio St.3d 1538 (2012).

Additionally, Petitioner indicates that  on June 12, 2012 he filed, in the trial court, a request for sentence reduction, alleging he was denied due process, equal protection, and sentenced in violation of the Double Jeopardy Clause.  According to the petition, the trial court denied his motion for filing under the wrong case number.  *See Petition*, PageID #6.

On September 27, 2012, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

> 1.  The unconstitutionality of *Foster* and first-time offender statutes of Ohio.
>
> 2.  I have never served a prison term prior to this or any other felony or misdemeanor.

In his memorandum in support of the petition, Petitioner additionally argues he was denied a fair trial due to judicial bias and prosecutorial misconduct, denied effective assistance of counsel, and sentenced in violation of the Double Jeopardy Clause.   It is the position of the Respondent that Petitioner's claims are procedurally defaulted.

## II.  PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless,* 459 U.S. 4, 6 (1982) (*per curiam; Picard v. Connor*, 404 U.S. 270, 275–76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the court has determined that a state procedural rule

was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

Petitioner asserts he was unconstitutionally sentenced, denied effective assistance of counsel, and denied a fair trial due to judicial bias and prosecutorial misconduct. These claims either have never been presented to the state courts, or were raised on direct appeal but never timely presented to the Ohio Supreme Court. Although Petitioner filed a motion for delayed appeal, the Ohio Supreme Court denied his motion. The United States Court of Appeals for the Sixth Circuit has held that the Ohio Supreme Court's denial of a motion for delayed appeal constitutes a procedural default of the claims raised therein. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004). As to those claims which should have been raised on direct appeal, but were not, Petitioner may now no longer present such claims to the state courts under Ohio's doctrine of *res judicata*. *See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967).

Ohio's *res judicata* rule is adequate and independent under the third part of the *Maupin* test. To be "independent," the procedural rule at issue, as well as the state court's reliance thereon, must rely in no part on federal law. *See Coleman v. Thompson*, 501 U.S. 722, 732–33 (1991). To be "adequate," the state procedural rule must be firmly

established and regularly followed by the state courts. *Ford v. Georgia*, 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim." *Id.* at 423 (quoting *James v. Kentucky,* 466 U.S. 341, 348–351 (1984)); *see also Barr v. City of Columbia*, 378 U.S. 146, 149, (1964); *NAACP v. Alabama ex rel. Flowers*, 377 U.S. 288, 297 (1964); *see also Jamison v. Collins*, 100 F.Supp.2d 521, 561 (S.D. Ohio 1998).

The Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.,* the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006); *Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001); *Seymour v. Walker,* 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 000); *Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir. 1998). Ohio courts have consistently refused, in reliance on the doctrine of *res judicata*, to review the merits of claims because they are procedurally barred. *See State v. Cole,* 2 Ohio St.3d at 112; *State v. Ishmail,* 67 Ohio St.2d at 16. Additionally, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that *res judicata* does not rely on or otherwise implicate federal law. Accordingly, this Court is satisfied from its own review of relevant case law that the *Perry* rule is an adequate and independent ground for denying relief.

Accordingly, this Court concludes that Petitioner has waived all of the grounds he now presents for federal habeas corpus relief.  Moreover, Petitioner has not offered

any cause and prejudice analysis which might excuse the default, nor has he argued that he had made a substantial showing of actual innocence sufficient to excuse any procedural default. *See Murray v. Carrier*, 477 U.S. at 491; *Sawyer v. Whitley*, 505 U.S. 333 (1992).

### III.  RECOMMENDATION

For these reasons**,** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### IV.  PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.


/s/ Terence P. Kemp
United States Magistrate Judge