# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Daniel Lee Monk,

    Petitioner,

v.

Warden Chillicothe Correctional Institution,

    Respondent.

Case No. 2:12-cv-894

JUDGE MICHAEL H. WATSON
Magistrate Judge Kemp

## OPINION AND ORDER

This matter is before the Court on Petitioner Daniel Lee Monk's objections to a Report and Recommendation issued by the Magistrate Judge on February 1, 2013. The Court, having reviewed the record de novo, finds for the reasons set out below that the objections to the Report and Recommendation are without merit. For the following reasons, Petitioner's objections will be **OVERRULED**, and the Report and Recommendation will be **ADOPTED** in its entirety.

## I. STANDARD OF REVIEW

When objections are received to a Magistrate Judge's Report and Recommendation on a dispositive matter, the assigned District Judge "shall make a de novo determination . . . of any portion of the magistrate judge's disposition to which specific written objection has been made . . . ." Fed. R. Civ. P. 72(b). After review, the District Judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.; see also* 28 U.S.C. §636(b)(1)(B). General objections are insufficient to preserve any

issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

## II. THE REPORT AND RECOMMENDATION

In the Report and Recommendation, the Magistrate Judge recommended that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed on the ground of procedural default. Based on the procedural history set forth in the record, the Magistrate Judge concluded that the claims asserted in this action were either never raised at all during the state court proceedings, or were raised but not timely presented to the Ohio Supreme Court, as is required in order to avoid procedural default. In his objections, petitioner does not disagree with the procedural history as recited by the Magistrate Judge. Consequently, the Court adopts the procedural history as set forth in the Report and Recommendation for purposes of ruling on the objections.

By way of some background, however, the Court finds a summary of the procedural history to be in order. Following the entry of a no contest plea, petitioner was found guilty of two counts of sexual battery and one count of contributing to the delinquency of a minor. He was sentenced to a total prison term of six years.

Petitioner appealed, raising three issues related to his conviction and one relating to his sentencing. Among those was a claim that trial counsel was ineffective for failing timely to file a motion to suppress evidence. After the state court of appeals affirmed the conviction and sentence, petitioner first failed timely to appeal to the Ohio Supreme Court, and then filed a motion for leave to appeal out of time, which motion

was denied. He pursued some additional claims in a motion for reduction of sentence, but did not appeal the trial court's denial of that motion. Thus, he never properly presented a single claim to the Ohio Supreme Court and, as the Report and Recommendation noted, never presented some of the claims he raises here to any Ohio court. The Report and Recommendation concluded that these failures constituted a procedural default and that petitioner had not shown or even argued that good cause existed to excuse that default.

### III. THE OBJECTIONS

Petitioner does not directly address the issue of procedural default in his objections. Rather, he argues that both his trial and appellate attorneys were ineffective in their representation of him and that had he received effective assistance of appellate counsel, he would have received a new trial instead of having to resort to this Court for that relief.

Before addressing petitioner's objections, the Court will set forth the standard for procedural default relied upon by the Magistrate Judge. The Report and Recommendation (ECF No. 9, at 4) states:

> In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam; *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged

constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

This is an accurate statement of the law, and petitioner does not take issue with it.

As discussed in the Report and Recommendation, petitioner's procedural defaults are apparent from the record. He raised some of the claims in his habeas petition on appeal, but he did not take a timely appeal of the state court of appeals' decision to the Ohio Supreme Court, and he was not permitted to take an untimely appeal. The Report and Recommendation cited *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) for the proposition that if the Ohio Supreme Court denies leave to file an appeal because the appeal is untimely, that constitutes the state court's enforcement of a procedural default. The case does, indeed, stand for that proposition; as the Court of Appeals stated, in language that applies equally here, "This case turns upon whether the Ohio Supreme Court entry denying [petitioner's] motion for leave to file a delayed

appeal constitutes a procedural ruling sufficient to bar federal court review of [his] habeas corpus petition. Upon examination of the Ohio Supreme Court Rules, we conclude that it does." *Id.* This Court is not free to reach a different result on the same set of facts. And the claims which were never raised are, of course, defaulted because the time to raise them in state court is long past, and the state courts would undoubtedly refuse to entertain any motion or petition which petitioner might file now on grounds that he did not act timely. *See, e.g. State v. Cole,* 2 Ohio St.3d 112 (1982). That, too, is a procedural default.

Petitioner's claim of ineffective assistance of appellate counsel, which he argues at length in his objections, is not one which had to be raised as part of his direct appeal. The proper way to raise such a claim in Ohio is to file a motion for reopening the appeal with the state court of appeals under Ohio Appellate Rule 26(B). That motion must be filed within ninety days of the disposition of the appeal. Petitioner never filed such a motion, and, as a result, he procedurally defaulted this claim as well. Further, to the extent that his objections can be read as advancing ineffective assistance of appellate counsel as the reason he procedurally defaulted his other claims, that argument has no merit. The United States Supreme Court held in *Edwards v. Carpenter*, 529 U.S. 446 (2000), that a defaulted ineffective assistance of counsel claim cannot be used to establish cause for a procedural default. Therefore, nothing stated in the objections would allow this Court to disregard petitioner's procedural defaults and to proceed to the merits of his claims.

Finally, although petitioner does not make this argument in his objections, he cannot rely on the "actual innocence exception" as grounds for excusing his procedural

default. *See Vanwinkle v. United States*, 645 F.3d 365, 369-70 (6th Cir. 2011) ( "actual innocence" may excuse procedural default). Petitioner has simply not presented any evidence to support a claim of actual innocence.

Because the Court agrees that all of petitioner's claims are procedurally defaulted, the Court may not reach his merits arguments. Consequently, the objections will be overruled and the Report and Recommendation will be adopted in its entirety.

## IV. DISPOSITION

For the foregoing reasons, petitioner's objections (ECF No. 11) are **OVERRULED**. The Report and Recommendation (ECF No. 9) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
**UNITED STATES DISTRICT COURT**